**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | DORNETTA | HOWELL | WOODS |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: NORTHERN District of MS (State)

Case number (If known): 23-12235

# Official Form 427
## Cover Sheet for Reaffirmation Agreement                                                    12/15

Anyone who is a party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

### Part 1: Explain the Repayment Terms of the Reaffirmation Agreement

**1. Who is the creditor?** BANK OF HOLLY SPRINGS
Name of the creditor

**2. How much is the debt?**
On the date that the bankruptcy case is filed    $ 24,471.04
To be paid under the reaffirmation agreement    $ 24,471.04
$658.95 per month for 46 months (if fixed interest rate)

**3. What is the Annual Percentage Rate (APR) of interest?** (See Bankruptcy Code § 524(k)(3)(E).)
Before the bankruptcy case was filed    14.00 %
Under the reaffirmation agreement    14.00 %  ☑ Fixed rate   ☐ Adjustable rate

**4. Does collateral secure the debt?**
☐ No
☑ Yes. Describe the collateral.    2013 HYUNDAI VELOSTER, 2011 CHEVROLET AVALANCHE, 2013 CADILLAC CTS
Current market value    $ 25,403.00

**5. Does the creditor assert that the debt is nondischargeable?**
☑ No
☐ Yes. Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable.

**6. Using information from Schedule I: Your Income** (Official Form 106I) and **Schedule J: Your Expenses** (Official Form 106J), fill in the amounts.

| | Income and expenses reported on Schedules I and J | | Income and expenses stated on the reaffirmation agreement |
|---|---|---|---|
| 6a. Combined monthly income from line 12 of Schedule I | $ 4660.84 | 6e. Monthly income from all sources after payroll deductions | $ 4660.84 |
| 6b. Monthly expenses from line 22c of Schedule J | – $ 4634.82 | 6f. Monthly expenses | – $ 4634.82 |
| 6c. Monthly payments on all reaffirmed debts not listed on Schedule J | – $ 0 | 6g. Monthly payments on all reaffirmed debts not included in monthly expenses | – $ 0 |
| 6d. Scheduled net monthly income. Subtract lines 6b and 6c from 6a. If the total is less than 0, put the number in brackets. | $ 26.02 | 6h. Present net monthly income. Subtract lines 6f and 6g from 6e. If the total is less than 0, put the number in brackets. | $ 26.02 |

Official Form 427    Cover Sheet for Reaffirmation Agreement    page 1

Debtor 1  DORNETTA HOWELL WOODS                         Case number (if known) 23-12235
         First Name   Middle Name   Last Name

| 7. Are the income amounts on lines 6a and 6e different? | ☑ No<br>☐ Yes. Explain why they are different and complete line 10. _____ |
|---|---|
| 8. Are the expense amounts on lines 6b and 6f different? | ☑ No<br>☐ Yes. Explain why they are different and complete line 10. _____ |
| 9. Is the net monthly income in line 6h less than 0? | ☑ No<br>☐ Yes. A presumption of hardship arises (unless the creditor is a credit union). Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses. Complete line 10. |
| 10. Debtor's certification about lines 7-9<br><br>If any answer on lines 7-9 is Yes, the debtor must sign here.<br><br>If all the answers on lines 7-9 are No, go to line 11. | I certify that each explanation on lines 7-9 is true and correct.<br><br>X _____   X _____<br>Signature of Debtor 1                 Signature of Debtor 2 (Spouse Only in a Joint Case) |
| 11. Did an attorney represent the debtor in negotiating the reaffirmation agreement? | ☐ No<br>☑ Yes. Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?<br>   ☐ No<br>   ☑ Yes |

## Part 2: Sign Here

Whoever fills out this form must sign here.

I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this *Cover Sheet for Reaffirmation Agreement*.

X *Elizabeth Carlisle*                         Date 9-12-23
   Signature                                        MM / DD / YYYY

*Elizabeth Carlisle for Bank of Holly Springs*
Printed Name

Check one:
☐ Debtor or Debtor's Attorney
☑ Creditor or Creditor's Attorney

Official Form 427        Cover Sheet for Reaffirmation Agreement        page 2

B2400A (Form 2400A) (12/15)

> Check one.
> ☐ Presumption of Undue Hardship
> ☑ No Presumption of Undue Hardship
> *See Debtor's Statement in Support of Reaffirmation, Part II below, to determine which box to check.*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN District of MISSISSIPPI

In re DORNETTA HOWELL WOODS,        Case No. 23-12235
                    *Debtor*

                                    Chapter  7

## REAFFIRMATION DOCUMENTS

**Name of Creditor:** BANK OF HOLLY SPRINGS

☐ Check this box if Creditor is a Credit Union

### I. REAFFIRMATION AGREEMENT

Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this Reaffirmation Documents packet.

1. Brief description of the original agreement being reaffirmed: AUTO LOAN

   *For example, auto loan*

2. ***AMOUNT REAFFIRMED***:    $ 24,471.04

   The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before the date you sign this Reaffirmation Agreement.

   *See the definition of "Amount Reaffirmed" in Part V.C below.*

3. The ***ANNUAL PERCENTAGE RATE*** applicable to the Amount Reaffirmed is 14.00 %.

   *See definition of "Annual Percentage Rate" in Part V.C below.*

   This is a *(check one)*  ☑ Fixed rate        ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

4. Reaffirmation Agreement Repayment Terms:

☑ If fixed term, $ 658.95 per month for 46 months starting on 5/15/23 .

☐ If not fixed term, describe repayment terms: _____ .

5. Describe the collateral, if any, securing the debt:

Description: 2013 HYUNDAI VELOSTER, 2011 CHEVROLET AVALANCHE, 2013 CADILLAC CTS
Current Market Value        $ 25,403.00

6. Did the debt that is being reaffirming arise from the purchase of the collateral described above?

☐ Yes    ☑ No

If yes, what was the purchase price for the collateral?    $ _____
If no, what was the amount of the original loan?    $ 24,120.31

7. Detail the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

|  | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due *(including fees and costs)* | $ 24,471.04 | $ 24,471.04 |
| Annual Percentage Rate | 14.00 % | 14.00 % |
| Monthly Payment | $ 658.95 | $ 658.95 |

8. ☐ Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit: _____

## II. DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

1. Were you represented by an attorney during the course of negotiating this agreement?

    Check one.    ☑ Yes    ☐ No

2. Is the creditor a credit union?

    Check one.    ☐ Yes    ☑ No

3. If your answer to EITHER question 1. or 2. above is "No" complete a. and b. below.

    a.. My present monthly income and expenses are:

        i. Monthly income from all sources after payroll deductions
(take-home pay plus any other income)      $ 4660.84

        ii. Monthly expenses (including all reaffirmed debts except this one)      $ 3975.87

        iii. Amount available to pay this reaffirmed debt (subtract ii. from i.)      $ 684.97

        iv. Amount of monthly payment required for this reaffirmed debt      $ 658.95

*If the monthly payment on this reaffirmed debt (line iv.) is greater than the amount you have available to pay this reaffirmed debt (line iii.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

    b. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or on me because:

        Check one of the two statements below, if applicable:

        ☑ I can afford to make the payments on the reaffirmed debt because my monthly income is greater than my monthly expenses even after I include in my expenses the monthly payments on all debts I am reaffirming, including this one.

        ☐ I can afford to make the payments on the reaffirmed debt even though my monthly income is less than my monthly expenses after I include in my expenses the monthly payments on all debts I am reaffirming, including this one, because: _____

        Use an additional page if needed for a full explanation.

4. If your answers to BOTH questions 1. and 2. above were "Yes," check the following statement, if applicable:

        ☐ I believe this reaffirmation agreement is in my financial interest and I can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

### III. CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I (We) hereby certify that:

i. I (We) agree to reaffirm the debt described above.

ii. Before signing this reaffirmation agreement, I (we) read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

iii. The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

iv. I am (We are) entering into this agreement voluntarily and fully informed of my (our) rights and responsibilities; and

v. I (We) have received a copy of this completed and signed Reaffirmation Documents packet.

SIGNATURE(S):

Date 9-8-23   Signature [signed] Pauletta W Howell Woods
                        *Debtor*

Date _____   Signature _____
                        *Joint Debtor, if any*

If a joint reaffirmation agreement, both debtors must sign.

**Reaffirmation Agreement Terms Accepted by Creditor:**

Creditor BANK OF HOLLY SPRINGS    PO BOX 250 HOLLY SPRINGS, MS 38635
        *Print Name*                *Address*

ELIZABETH CARLISLE    [signed]    
*Print Name of Representative*   *Signature* Elizabeth Carlisle  *Date* 9-12-23

### IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date _____  Signature of Debtor's Attorney [signed]

Print Name of Debtor's Attorney  Robert H. Lomenick, Jr.

## V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I) and these additional important disclosures and instructions.

Reaffirming a debt is a serious financial decision. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, detailed in Part B below, are not completed, the reaffirmation agreement is not effective, even though you have signed it.

### A.    DISCLOSURE STATEMENT

1. **What are your obligations if you reaffirm a debt?** A reaffirmed debt remains your personal legal obligation. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the reaffirmation agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2. **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3. **What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4. **How soon do you need to enter into and file a reaffirmation agreement?** If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this Reaffirmation Documents packet requiring signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required.

5. **Can you cancel the agreement?** You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

6. **When will this reaffirmation agreement be effective?**

    a. **If you *were represented* by an attorney during the negotiation of your reaffirmation agreement**

    i. **if the creditor is not a Credit Union,** your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship in which case the agreement becomes effective only after the court approves it;

    ii. **if the creditor is a Credit Union,** your reaffirmation agreement becomes effective when it is filed with the court

    b. **If you *were not represented* by an attorney during the negotiation of your reaffirmation agreement,** the reaffirmation agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing, at which time the judge will review your reaffirmation agreement. If the judge decides that the reaffirmation agreement is in your best interest, the agreement will be approved and will become effective. However, if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your reaffirmation agreement.

7. **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the reaffirmation agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

B. **INSTRUCTIONS**

1. Review these Disclosures and carefully consider the decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2. Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3. If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney section (Part IV above).

4. You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 427).

5. *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement unless your reaffirmation agreement is for a consumer debt secured by a lien on your real property, such as your home.* You can use Form B2400B to do this.

### C. DEFINITIONS

1. **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The amount of debt includes any unpaid fees and costs arising on or before the date you sign this agreement that you are agreeing to pay. Your credit agreement may obligate you to pay additional amounts that arise after the date you sign this agreement. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this agreement.

2. **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage Rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3. **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

*0955*

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $24,120.31 | 02-15-2023 | 02-15-2027 | [redacted]8164 | 4100 | 0000701555-01 | 109 | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** Dornetta W. Howell Woods
1330 Briscoe Rd
Holly Springs, MS 38635-8398

**Lender:** BANK OF HOLLY SPRINGS
South Branch
970 HWY 7 SOUTH
P.O. Box 250
Holly Springs , MS 38635
(662) 252-2511

**Principal Amount: $24,120.31** **Interest Rate: 14.000%** **Date of Note: February 15, 2023**

PROMISE TO PAY. I ("Borrower") promise to pay to BANK OF HOLLY SPRINGS ("Lender"), or order, in lawful money of the United States of America, the principal amount of Twenty-four Thousand One Hundred Twenty & 31/100 Dollars ($24,120.31), together with interest on the unpaid principal balance from February 15, 2023, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 14.000% per annum, until paid in full. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.

PAYMENT. I will pay this loan in 48 payments of $658.95 each payment. My first payment is due March 15, 2023, and all subsequent payments are due on the same day of each month after that. My final payment will be due on February 15, 2027, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any unpaid credit insurance premiums, accrued to the date of receipt of payment; then to any late charges; and then to any unpaid collection costs. I will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

INTEREST CALCULATION METHOD. Interest on this Note is computed on a 365/365 simple interest basis; that is, by applying the ratio of the interest rate over the number of days in a year (365 for all years, including leap years), multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method.

PREPAYMENT; MINIMUM INTEREST CHARGE. I agree that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be refunded to me upon early payment (whether voluntary or as a result of default), except as otherwise required by law. In any event, even upon full prepayment of this Note, I understand that Lender is entitled to a minimum interest charge of $15.00. Other than my obligation to pay any minimum interest charge, I may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve me of my obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in my making fewer payments. I agree not to send Lender payments marked "paid in full", "without recourse", or similar language. If I send such a payment, Lender may accept it without losing any of Lender's rights under this Note, and I will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: BANK OF HOLLY SPRINGS, South Branch, 970 HWY 7 SOUTH, P.O. Box 250, Holly Springs , MS 38635.

LATE CHARGE. If a payment is 16 days or more late, I will be charged 4.000% of the unpaid portion of the regularly scheduled payment or $5.00, whichever is greater. However, in no event will the late charge exceed $50.00.

INTEREST AFTER DEFAULT. Upon maturity, whether scheduled or accelerated by Lender because of my default, the total sum due under this Note will continue to accrue interest at the interest rate under this Note.

DEFAULT. I will be in default under this Note if any of the following happen:

Payment Default. I fail to make any payment when due under this Note.

Break Other Promises. I break any promise made to Lender or fail to perform promptly at the time and strictly in the manner provided in this Note or in any agreement related to this Note, or in any other agreement or loan I have with Lender.

Default in Favor of Third Parties. I or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of my property or my ability to repay this Note or perform my obligations under this Note or any of the related documents.

False Statements. Any representation or statement made or furnished to Lender by me or on my behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished.

Death or Insolvency. Any Borrower dies or becomes insolvent; a receiver is appointed for any part of my property; I make an assignment for the benefit of creditors; or any proceeding is commenced either by me or against me under any bankruptcy or insolvency laws. However, my death will not be an event of default if as a result of the death the Indebtedness is fully covered by credit life insurance.

Taking of the Property. Any creditor or governmental agency tries to take any of the property or any other of my property in which Lender has a lien. This includes taking of, garnishing of or levying on my accounts with Lender. However, if I dispute in good faith whether the claim on which the taking of the property is based is valid or reasonable, and if I give Lender written notice of the claim and furnish Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

Defective Collateralization. This Note or any of the related documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

Collateral Damage or Loss. Any collateral securing this Note is lost, stolen, substantially damaged or destroyed and the loss, theft, substantial damage or destruction is not covered by insurance.

Events Affecting Guarantor. Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

Insecurity. Lender in good faith believes itself insecure.

Cure Provisions. If any default, other than a default in payment, is curable and if I have not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured if I, after Lender sends written notice to me demanding cure of such default: (1) cure the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiate steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continue and complete all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

LENDER'S RIGHTS. Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then I will pay that amount.

ATTORNEYS' FEES; EXPENSES. Lender may hire or pay someone else to help collect this Note if I do not pay. I will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, I also will pay any court costs, in addition to all other sums provided by law.

JURY WAIVER. Lender and I hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or me against the other.

GOVERNING LAW. This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Mississippi without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Mississippi.

CHOICE OF VENUE. If there is a lawsuit, I agree upon Lender's request to submit to the jurisdiction of the courts of Marshall County, State of Mississippi.

RIGHT OF SETOFF. To the extent permitted by applicable law, Lender reserves a right of setoff in all my accounts with Lender (whether

**PROMISSORY NOTE**
**(Continued)**

Loan No: 8164          Page 2

checking, savings, or some other account). This includes all accounts I hold jointly with someone else and all accounts I may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. I authorize Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

**COLLATERAL.** I acknowledge this Note is secured by 2013 CADILLAC VIN #1G6DJ1E37D0134794 - IN DORNETTAS NAME
2011 CHEVY AVALANCHE VIN #3GNMCEE09BG338503 IN DERRICK WOODS NAME
2013 HYUNDIA VELOSTER VIN #KMHTC6AD8DU154118 IN DORNETTAS NAME

**PRIOR NOTE.** ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon me, and upon my heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** I may notify Lender if Lender reports any inaccurate information about my account(s) to a consumer reporting agency. My written notice describing the specific inaccuracy(ies) should be sent to Lender at the following address: BANK OF HOLLY SPRINGS 970 Highway 7 South Holly Springs, MS 38635.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. I and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several. This means that the words "I", "me", and "my" mean each and all of the persons signing below.

PRIOR TO SIGNING THIS NOTE, I READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. I AGREE TO THE TERMS OF THE NOTE.

I ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

DocuSigned by:

X _____*DORNETTA HOWELL WOODS*_____
    291A6FB8DCF04BF...
Dornetta W. Howell Woods

LaserPro, Ver. 22.3.0.039 Copr. Finastra USA Corporation 1997, 2023. All Rights Reserved. - MS C:\HFS\CFI\LPL\D20.FC TR-10078154 PR-9

Form # 79-001

# STATE OF MISSISSIPPI

# CERTIFICATE OF TITLE

**ORIGINAL**

| VEHICLE IDENTIFICATION NUMBER | MAKE | YEAR | MODEL | BODY | TITLE NUMBER | TITLE TEXT (E.G. UNIT #) |
|---|---|---|---|---|---|---|
| KMHTC6AD8DU154118 | HYUN | 2013 | VEL | 2H | MS1472379136 | |

| TITLE DATE | DATE OF FIRST SALE FOR USE NEW ONLY | NO. CYL. | NEW/USED | TYPE OF VEHICLE | ODOMETER - NO TENTHS |
|---|---|---|---|---|---|
| 05/16/2023 | | 4 | USED | PC | 60000 ACTUAL |

**OWNER(S)**

HOWELL, DORNETTA W
1330 BRISCOE RD
HOLLY SPRINGS MS 38635

**BRANDS**

**BENEFICIARY**

**1ST LIENHOLDER**       DATE: 03/24/2023

BANK OF HOLLY SPRINGS
PO BOX 250
HOLLY SPRINGS MS 38635-0250

**2ND LIENHOLDER**       DATE:

**MAIL TO**

M30-3

BANK OF HOLLY SPRINGS
PO BOX 250
HOLLY SPRINGS  MS 38635-0250



LIEN SATISFACTION: THE UNDERSIGNED HOLDER OF ABOVE DESCRIBED LIEN(S) ON THE MOTOR VEHICLE DESCRIBED HEREON HEREBY ACKNOWLEDGES SATISFACTION THEREOF.

1ST LIEN _____ BY _____
         (LIENHOLDER)                (SIGNATURE AND TITLE)
THIS _____ DAY OF _____ 20____

2ND LIEN _____ BY _____
         (LIENHOLDER)                (SIGNATURE AND TITLE)
THIS _____ DAY OF _____ 20____

IN WITNESS WHEREOF I HAVE HEREUNTO SET MY HAND THIS

THE 16TH DAY OF MAY 20 23

The Mississippi Department of Revenue hereby certifies that on application duly made, the person named herein is registered by this office as the lawful owner of the vehicle described subject to the liens or security interests as may subsequently be filed with the Mississippi Department of Revenue. This certificate of title is issued pursuant to the Mississippi Motor Vehicle Title Law Section 63-21-1, Mississippi Code of 1972, and subject to the provisions thereof.

CONTROL NUMBER

MISSISSIPPI DEPARTMENT OF REVENUE

VOID IF ALTERED

# CERTIFICATE OF TITLE

**STATE OF MISSISSIPPI** — **ORIGINAL**

Form # 79-001

| VEHICLE IDENTIFICATION NUMBER | MAKE | YEAR | MODEL | BODY | TITLE NUMBER | TITLE TEXT (E.G. UNIT #) |
|---|---|---|---|---|---|---|
| 3GNMCEE09BG338503 | CHEV | 2011 | AVALANCHE | TU | MS0650776832 | |

| TITLE DATE | DATE OF FIRST SALE FOR USE NEW ONLY | NO. CYL | NEW/USED | TYPE OF VEHICLE | ODOMETER - NO TENTHS |
|---|---|---|---|---|---|
| 07/20/2022 | | 8 | USED | PU | 178000 ACTUAL |

**OWNER(S)**

HOWELL, DORNETTA OR WOODS, DERRICK
1330 BRISCOE RD
HOLLY SPRINGS MS 38635-8398

**BRANDS**

**BENEFICIARY**

**1ST LIENHOLDER**
BANK OF HOLLY SPRINGS
970 HIGHWAY 7 S
HOLLY SPRINGS MS 38635-9174

DATE: 07/11/2022

**2ND LIENHOLDER**

DATE:

**MAIL TO**

BANK OF HOLLY SPRINGS
970 HIGHWAY 7 S
HOLLY SPRINGS MS 38635-9174

LIEN SATISFACTION: THE UNDERSIGNED HOLDER OF ABOVE DESCRIBED LIEN(S) ON THE MOTOR VEHICLE DESCRIBED HEREON HEREBY ACKNOWLEDGES SATISFACTION THEREOF.

1ST LIEN _____ BY _____
           (LIENHOLDER)        (SIGNATURE AND TITLE)
THIS _____ DAY OF _____ 20 ____

2ND LIEN _____ BY _____
           (LIENHOLDER)        (SIGNATURE AND TITLE)
THIS _____ DAY OF _____ 20 ____

IN WITNESS WHEREOF I HAVE HEREUNTO SET MY HAND THIS

THE 20TH DAY OF JULY 2022

The Mississippi Department of Revenue hereby certifies that on application duly made, the person named herein is registered by this office as the lawful owner of the vehicle described subject to the liens or security interests as may subsequently be filed with the Mississippi Department of Revenue. This certificate of title is issued pursuant to the Mississippi Motor Vehicle Title Law Section 63-21-1, Mississippi Code of 1972, and subject to the provisions thereof.

CONTROL NUMBER
O 04075044

MISSISSIPPI DEPARTMENT OF REVENUE

VOID IF ALTERED

# CERTIFICATE OF TITLE

Form # 79-001

## STATE OF MISSISSIPPI — ORIGINAL

| VEHICLE IDENTIFICATION NUMBER | MAKE | YEAR | MODEL | BODY | TITLE NUMBER | TITLE TEXT (E.G. UNIT #) |
|---|---|---|---|---|---|---|
| 1G6DJ1E37D0134794 | CADI | 2013 | CTS | CZ | MS0715999488 | |

| TITLE DATE | DATE OF FIRST SALE FOR USE NEW ONLY | NO. CYL | NEW/USED | TYPE OF VEHICLE | ODOMETER - NO TENTHS |
|---|---|---|---|---|---|
| 12/20/2022 | | 6 | USED | PC | 157495 ACTUAL |

**OWNER(S)**
WOODS, DORNETTA OR DERRICK
1330 BRISCOE RD
HOLLY SPRINGS MS 38635-8398

**BRANDS**

**BENEFICIARY**

**1ST LIENHOLDER**
BANK OF HOLLY SPRINGS
970 HIGHWAY 7 S
HOLLY SPRINGS MS 38635-9174

**DATE:** 06/20/2022

**2ND LIENHOLDER**

**DATE:**

**MAIL TO**
BANK OF HOLLY SPRINGS
970 HIGHWAY 7 S
HOLLY SPRINGS MS 38635-9174

---

LIEN SATISFACTION: THE UNDERSIGNED HOLDER OF ABOVE DESCRIBED LIEN(S) ON THE MOTOR VEHICLE DESCRIBED HEREON HEREBY ACKNOWLEDGES SATISFACTION THEREOF.

1ST LIEN _____ (LIENHOLDER)   BY _____ (SIGNATURE AND TITLE)
THIS _____ DAY OF _____ 20 ____

2ND LIEN _____ (LIENHOLDER)   BY _____ (SIGNATURE AND TITLE)
THIS _____ DAY OF _____ 20 ____

IN WITNESS WHEREOF I HAVE HEREUNTO SET MY HAND THIS THE 20TH DAY OF DECEMBER 2022

The Mississippi Department of Revenue hereby certifies that on application duly made, the person named herein is registered by this office as the lawful owner of the vehicle described subject to the liens or security interests as may subsequently be filed with the Mississippi Department of Revenue. This certificate of title is issued pursuant to the Mississippi Motor Vehicle Title Law Section 63-21-1, Mississippi Code of 1972, and subject to the provisions thereof.

**CONTROL NUMBER**
0439264 3

MISSISSIPPI DEPARTMENT OF REVENUE

VOID IF ALTERED

B2400B (Form B2400B) (12/15)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN District of MISSISSIPPI

In re DORNETTA HOWELL WOODS ,   Case No. 23-12235
*Debtor*

Chapter 7

## MOTION FOR APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of Reaffirmation Agreement, and because *(provide any additional relevant reasons the court should consider)*:


Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions *(check all applicable boxes)*:

☐ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income, as explained in Part II of Form B2400A, Reaffirmation Documents)


Signed:_____
*(Debtor)*


_____
*(Joint Debtor, if any)*

Date: _____

B2400C (Form B2400C) (12/15)

# United States Bankruptcy Court
## NORTHERN District of MISSISSIPPI

In re  DORNETTA HOWELL WOODS  ,                Case No. 23-12235
                    Debtor                                        Chapter 7

## ORDER ON REAFFIRMATION AGREEMENT

The debtor(s) DORNETTA HOWELL WOODS has (have) filed a motion for approval of the reaffirmation agreement dated _____ made between the debtor(s) and creditor  BANK OF HOLLY SPRINGS  . The court held the hearing required by 11 U.S.C. § 524(d) on notice to the debtor(s) and the creditor on _____ (date).

COURT ORDER:   ☐ The court grants the debtor's motion under 11 U.S.C. § 524(c)(6)(A) and approves the reaffirmation agreement described above as not imposing an undue hardship on the debtor(s) or a dependent of the debtor(s) and as being in the best interest of the debtor(s).

☐ The court grants the debtor's motion under 11 U.S.C. § 524(k)(8) and approves the reaffirmation agreement described above.

☐ The court does not disapprove the reaffirmation agreement under 11 U.S.C. § 524(m).

☐ The court disapproves the reaffirmation agreement under 11 U.S.C. § 524(m).

☐ The court does not approve the reaffirmation agreement.

BY THE COURT

Date: _____

_____
*United States Bankruptcy Judge*